February 20, 1939

Hon. Fred Erisman
District Attorney
Longview, Texas

Dear Sir:

Opinion No. 0-338
Re: Proper credit for
jail time

Your request for an opinion on the following
questions:

"1. When a defendant has been convicted
in the County Court, and his punishment assessed
at confinement in the County Jail, can the costs
of court be discharged at the rate of three dol-
lars ($3.00) per day, or must the costs be com-
puted on a basis of one dollar ($1.00) for each
day of imprisonment?

"2. When a defendant has been convicted
in the County Court, and his punishment as-
sessed at a fine only, can the costs of court
be discharged at the rate of three dollars ($3.00)
per day, or must the costs be satisfied on a basis
of one dollar ($1.00) for each day of imprison-
ment?

"3. When a defendant has been convicted
in the County Court, and his punishment assessed
at confinement in jail, and by fine, what credit
can be given on such fine and costs for each day
of confinement?

"4. When a defendant has been convicted
in the District Court for a felony, and punish-
ment is by fine (as in chicken theft cases etc.)
what credit can be given on such fine and costs
for each day of imprisonment?"

has been received by this office.

Article 793, Code of Criminal Procedure, as amended by the 45th Legislature, 1st Called Session, 1937, provides generally that when a defendant is convicted of a misdemeanor and his punishment is assessed at a pecuniary fine, if he is unable to pay the fine and costs adjudged against him he may for such time as will satisfy the judgment, be put to work in the work-house or on the county farm or public improvements of the county, as provided in Article 794 and 794a, Code of Criminal Procedure, or, if there be no such work-house or farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine or costs adjudged against him, rating such labor or imprisonment at $3.00 for each day thereof. This Article also provides that the Commissioners' Court of each county, as defined by population brackets, shall at any regular or special term, by order made and entered in the minutes of the court, determine the rate of wages to be paid convicts in their respective counties for labor or imprisonment at not less than $1.00 per day nor more than $3.00 per day.

We are informed by the Comptroller's Department that the population of Gregg County, according to the last Federal census, was 15,778. Therefore, Gregg County does not come within the population bracket as set out in this statute and would be governed by the statute as it applies to those counties not coming within the designated population brackets which allows $3.00 per day for labor or imprisonment for convicts who discharge their fines and costs by labor performed in accordance with the statute, or serves a sufficient length of time in jail to discharge their fines and costs.

Articles 794b and 794d, Code of Criminal Procedure, provide that convicts in certain counties coming within certain population brackets who either lay their fines out in jail or work such fines out on the county farm, county roads or other public works, shall receive a credit therefor of $1.00 per day for each day worked or spent in jail. However, Gregg County does not come within the population bracket as specified in these articles. Therefore, they would not be applicable to Gregg County.

Article 784, Code of Criminal Procedure, reads as follows:

"If the punishment is any other than a fine,

the judgment shall specify it, and order it
enforced by the proper process. It shall
also adjudge the costs against the defendant,
and order the collection thereof as in other
cases."

Article 920, Code of Criminal Procedure, ap-
plies only to defendants who are convicted in justice
courts and has no application to county court cases.

We are informed by your letter that Gregg
County does not maintain a work-house or farm and that
prisoners are not worked on roads or public improvements.

We find no special statute which removes or
prohibits your county from coming under the general law
as applicable to the questions submitted in your inquiry.

In view of the foregoing statutes, you are re-
spectfully advised that it is the opinion of this Depart-
ment that when a defendant has been convicted in county
court and his punishment assessed at imprisonment in the
county jail or his punishment assessed by fine only, or
where his punishment is assessed at confinement in jail
and by fine and where a defendant has been convicted in
the district court for a felony and punishment is by
fine, that the costs in these cases and the fine, if any,
must be computed on a basis of $3.00 per day for each
day of imprisonment.

Trusting that the foregoing answers your in-
quiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

(Send) Ardell Williams
By
Ardell Williams
Assistant

AW:AW

APPROVED:
(Signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS